UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

LUPE LARA, JR,                                    )
                                                  )
                      Plaintiff,                  )
                                                  )
v.                                                )       CIVIL ACTION NO.
                                                  )       5:13-CV-177-BG
                                                  )       ECF
CAROLYN W. COLVIN,                                )
Acting Commissioner of Social Security,           )
                                                  )
                      Defendant.                  )

## REPORT AND RECOMMENDATION

Plaintiff Lupe Lara, Jr, filed an application for Disability Insurance Benefits (DIB), and the

Commissioner denied his application.  Proceeding *pro se* and *in forma pauperis*, Lara now seeks

judicial review pursuant to 42 U.S.C. § 405(g).  The United States District Judge court transferred

the action to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), but the

Commissioner did not consent to proceed before a magistrate judge.   The undersigned has

considered the parties' arguments and the administrative record under the applicable standards of

review and now recommends that the district court reverse the Commissioner's decision and remand

Lara's case for additional administrative proceedings.

## I.      Statement of the Case

Lara previously worked as a delivery truck driver, roofer, and recycling sorter.  (Tr. 26, 30,

110.)  He applied for DIB on April 3, 2010, alleging that he became disabled on February 27, 2010,

the date on which he suffered a heart attack and underwent stent placement  (Tr. 12, 80, 240.)  Lara

claimed he was unable to work because of limitations associated with his back, knees, shoulder,

amputation of his left middle fingertip, hearing loss, and heart condition.  (Tr. 108.)  At the initial

consideration stage, it was determined that Lara was not disabled.  (Tr. 43.)  The examiner

specifically determined that Lara was not able to return to his past work but could perform other less demanding work. *Id*.

Lara filed a request for reconsideration. (Tr. 44.) At the reconsideration stage, it was determined that Lara was disabled and that he became disabled on February 1, 2011. (Tr. 48.) In the decision, the examiner noted that Lara suffered from a number of health conditions, including back and knee problems, a history of hearing loss, an injury to his collar bone, depression, and anxiety. (Tr. 149.) The examiner found that Lara's impairments infringed on his ability to perform the requirements of work at the light work level, that he would be 55 years of age in May 2011 and was therefore closely approaching advanced age, and that "additional adversities" were present that permitted the examiner to deem Lara at the next higher age level. *Id*. The examiner specifically noted that when Lara turned 55 years of age in May 2011, he would no longer have transferable skills. *Id*.

As way of background, the examiner's findings were based on regulations related to the Medical-Vocational Guidelines ("Grid Rules"). The Grid Rules are used to determine whether, given the claimant's vocational characteristics, work exists in the national economy that the claimant can perform. *Heckler v. Campbell*, 461 U.S. 458, 461–62, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983). Located in the Commissioner's regulations at appendix 2 of part 404, the Grid Rules consist of rules that direct a finding of disability when the claimant's residual functional capacity, age, education, and previous work experience correspond to the job requirements under a particular rule. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 (2013). In regard to the issue of age, the Commissioner's regulations acknowledge that the claimant's age may impact his ability to transfer skills he acquired in past work to new work and therefore affect his ability to adjust to other work. The regulations

2

direct that, in the case of a "younger person," a person under the age of 50, the Commissioner does not generally consider age to be a factor that will seriously affect the claimant's ability to adjust to other work.  20 C.F.R. § 404.1563(c).  On the other hand, the Commissioner considers advancing age to be "an increasingly limiting factor" in a claimant's ability to make an adjustment to new work. § 404.1563(a).  For claimants between the ages of 50 and 54, those "approaching advanced age," age combined with severe impairments and limited work experience may seriously affect the claimant's ability to adjust to new work. § 404.1563(d).  For a claimant who is 55 years of age or older or "advanced age," age will significantly affect his ability to adjust to other work. § 404.1563(e).  Thus, the Commissioner considers a claimant's age classification in determining whether an adjustment to other work is feasible.  Further, the Commissioner does not mechanically apply the age classifications in borderline situations; if a claimant is approaching a certain age classification, the Commissioner may consider him in the next higher age classification.  20 C.F.R. § 404.1563(b); *see also Harrell v. Bowen*, 862 F.2d 471, 479 (5th Cir. 1988).

    The examiner in this case did just that.  She determined that there was an issue of transferability of skills, that a borderline situation existed in the case, and that Lara was disabled. (Tr. 149.)  Lara objected to the examiner's determination because he believed that his disability began in February 2010 rather than in February 2011, and he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 49, 51.)  An ALJ held a hearing on February 28, 2012, and subsequently determined that Lara was not disabled at any time and not entitled to DIB.  (Tr. 17, 23.)  The ALJ specifically determined that Lara suffered from severe impairments but that he was not disabled because he was capable of performing the full range of light work and, although he could not perform his past work, he was capable of working as a rental car delivery driver and a chauffeur.  (Tr. 17.)

3

The Appeals Council denied review, Tr. 1–4, and the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (holding that the Commissioner's decision becomes final when the Appeals Council's denies a claimant's request for review).

## II.   Discussion

In reviewing the Commissioner's decision to deny benefits, the court must determine whether the decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is more than a scintilla, less than a preponderance, and is such that a reasonable mind might accept it as adequate to support a conclusion." *Randall v. Astrue*, 570 F.3d 651, 662 (5th Cir. 2009) (quoting *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)).

The ALJ reached his decision at the fifth step of the sequential evaluation.  At that step, the ALJ had already determined that Lara had not engaged in substantial gainful activity in the past 12 months, had severe impairments but none that met a listing in the regulations, and was incapable of performing his past work because his residual functional capacity (RFC) was not great enough to enable him to do so.  (Tr. 16–17); 20 C.F.R. § 404.1520(a)(4) (setting forth the sequential disability evaluation process).  The ALJ specifically found that Lara was limited to performing light work and, based on testimony from a testifying vocational expert, determined that he could not perform his past work because it was performed at the medium and heavy exertional levels.  (Tr. 16, 30.)  Recognizing that transferability of skills was an issue in this case, the ALJ asked the vocational expert whether any of the skills Lara gained in his past work would transfer to jobs in the light work exertional category, and the vocational expert responded, "I don't believe the skills would transfer

to light work." (Tr. 30.) The ALJ then asked the vocational expert about the transferability of skills associated with driving that Lara might have acquired when he delivered appliances in jobs that he held ten years prior to the hearing. *Id.* In response, the vocational expert testified that driving skills at the light level would transfer to work in a job involving rental car delivery and work as a chauffeur. *Id.* The ALJ then concluded that Lara was not disabled because he was capable of working as a driver in these occupations. (Tr. 17.)

Lara, however, testified that he was unable to drive. (Tr. 27.) He specifically testified that he was unable to drive because of limitations caused by a spinal injury: he stated, "I can't turn. I have to move my body to turn. I cannot drive." *Id.* He further testified that he rode a bus to get to the hearing, rode a bus to get to Bible classes, and rode a bus to the grocery store or depended on his brother and friends to drive him to the grocery store. *Id.*

The ALJ acknowledged Lara's testimony but noted in his decision that Lara had driven to a doctor's appointment in September 2010 and that an MRI from that time did not show significant cervical problems. (Tr. 15.) Although the examination notes from the doctor's appointment in September 2010 indicate that Lara drove to the appointment, the appointment was one and one-half years before the hearing and nothing in the examination notes indicates that Lara drove a far distance to the appointment. (Tr. 298.) Further, objective medical evidence demonstrates that Lara experiences limitations in his ability to use his neck. A physical examination revealed decreased range of motion in Lara's neck, left shoulder, and back. (Tr. 294.) Results from an MRI in June 2011 showed that Lara suffered from disc space narrowing and disc protrusion in his neck with severe foraminal stenosis on the left side and moderate to severe foraminal stenosis on the right. (Tr. 332.) Thus, although Lara may have been capable of driving to a medical appointment in 2010,

5

given the medical evidence, it is questionable whether Lara is physically capable of performing the physical maneuvers required to drive a car on a full-time basis in the occupations of rental car delivery driver and chauffeur.

The court must determine whether the record, considered in its entirety, substantially supports the Commissioner's decision. *Singletary v. Bowen*, 798 F.2d 818, 822–23 (5th Cir. 1986) (citation omitted). Under the substantial evidence standard, the reviewing court must "take into account whatever in the record fairly detracts" from the supporting evidence. *Id.* (quotation omitted). Evidence in the record detracts from the ALJ's determination that Lara can perform the jobs of rental car delivery driver and chauffeur. Remand is therefore appropriate.

## III.   <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the district court reverse the Commissioner's decision and remand Lara's case for additional administrative proceedings.

## IV.   <u>Right to Object</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:          February 20, 2014.

NANCY M. KOENIG
United States Magistrate Judge

7